## IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| SHELLY SPENCER, | **CIVIL DIVISION** |
| Plaintiff, | No.: 12757-21 |
| v. | Issue: |
| WALMART, INC., | Code: |
| Defendant. | |
| | COMPLAINT IN CIVIL ACTION |

Filed on behalf of:

Plaintiff

Counsel of Record for this Party:

Erin K. Rudert, Esquire
PA I.D. No. 200432

Ainsman Levine, LLC
Firm No. 975
310 Grant Street, Suite 1500
Pittsburgh, PA 15219
(412) 338-9030 – Phone
(412) 338-9167 – Fax

er@ainsmanlevine.com

**JURY TRIAL DEMANDED**

{AL666598.1}

EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| SHELLY SPENCER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 12757-21 |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral & Information Service**
**P.O. Box 1792**
**Erie, PA 16507**
**814-459-4411**

**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| SHELLY SPENCER, ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | No. 12757-21 |
| ) | |
| v. ) | |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Shelly Spencer, by and through her attorneys, ERIN K. RUDERT, ESQUIRE, and AINSMAN LEVINE, LLC, and files the within Complaint in Civil Action, setting for the following in support thereof:

1. Plaintiff, Shelly Spencer, is an adult individual with a current address of 4553 West Lake Road, Erie, Erie County, Pennsylvania 16505.

2. Defendant, Walmart, Inc., is a Delaware corporation registered to do business in Pennsylvania with a principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3. The matters hereinafter complained of occurred on or about June 30, 2021.

4. At all times material hereto, Defendant operated a Walmart retail store located at 5741 Buffalo Road, Harborcreek, Erie County, Pennsylvania, and held said store open to the public.

5. At all times material hereto, Defendant, Walmart, Inc., acted by and through its employees, contractors, assigns, agents, and/or servants, who were acting within the scope of such relationship with Defendant.

6. Plaintiff entered the Walmart store described in the preceding paragraph for the purpose of shopping in said store as a patron.

7. At all times material hereto, Plaintiff was a business invitee on Defendant's premises and entitled to the duties described in § 343 of the Restatement (2d) of Torts.

8. As Plaintiff was shopping in Defendant's store, she entered the dry goods area of the grocery store section, in the area of aisles A10-A13.

9. In the above-described area of Defendant's store, there existed an area of floor that was slippery, either due to residue of some type of slippery substance; the use of an improper sealant, cleaner, or coating on the floor; improper maintenance, improper cleaning, improper drying, or other treatment of the floor; and/or the material of the floor itself.

10. At all times material hereto, as Plaintiff was shopping in Defendant's store, she encountered the slippery area of the floor, as described above, and was caused to slip and fall to the ground.

11. At all times material hereto, there were no cones, signs, or other warnings to alert patrons to the presence of the slippery area of floor in Defendant's store.

12. At all times material hereto, the area of slippery floor was accessible by patrons and was not restricted by the use of any type of barrier or barricade to prevent patrons from walking in said area.

13. At all times material hereto, Defendant knew or should have known through reasonable inspection its premises of the presence of the slippery area of floor.

14. It is believed and therefore averred that Defendant, through its agents, servants, and/or employees, specifically an employee who identified himself to Plaintiff after the incident as "Zack," had actual knowledge of the slippery area of floor.

15. The within described incident was caused directly and proximately by the negligence and carelessness of Defendant, Walmart, Inc., as described herein and in the following particulars:

    a. In allowing the slippery surface of floor to exist and remain on its business premises when Defendant knew or should have known of the existence of the slippery area and knew or should have known that patrons would not discover the slippery area and be in a position to protect themselves from harm;

    b. In failing to clean the area of the slippery surface properly to remove whatever substance or material was causing the area to be slippery;

    c. In failing to properly dry the area of floor;

    d. In failing to fully and properly investigate the source of the slippery surface in order to identify the cause and rectify the same;

    e. In failing to perform regular and routine inspections of its premises;

    f. In failing to correct the slippery surface when such surface should have been identified by Defendant as a hazard to patrons;

    g. In failing to place signs, cones, or warnings near the slippery area;

    h. In failing to cordon off or otherwise block access to the slippery area until such condition could be remedied;

    i. In failing to warn Plaintiff in any manner of the presence of the slippery area;

    j. In failing to properly train its employees regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

    k. In failing to set proper policies and procedures regarding inspection of the premises for slipping hazards and the removal or correction of any such hazards;

    l. In applying a substance to the floor that resulted in the formation of a slippery area;

    m. In failing to provide a safe and appropriate walking surface for a retail setting; and,

        n.      In over-polishing the floor surface in the area in question.

16. As a direct and proximate result of Defendant's negligence and carelessness in causing the fall described herein, Plaintiff was caused to suffer and sustain the following serious and severe personal injuries, some or all of which may be permanent in nature:

    a.    Ruptured quadriceps tendon of the left leg requiring surgical intervention;

    b.    Strain, sprain, and shock of the muscles, tendons, ligaments, vessels, nerves, and other structures and soft tissues of the left leg;

    c.    Bruising and abrasions;

    d.    Other injuries the full nature and extent of which is not currently known.

17. As a direct and proximate result of Defendant's negligence and carelessness in causing the fall described herein, Plaintiff has suffered the following damages and claims the same of Defendant:

    a.    Plaintiff has and may in the future incur costs for medical care, treatment, therapies, medications, and other services of physicians, nurses, therapists, and other medical and rehabilitation professionals;

    b.    Plaintiff has and may in the future suffer a loss of wages or loss of earning capacity;

    c.    Plaintiff has been and may in the future be embarrassed and humiliated;

    d.    Plaintiff has suffered a loss of enjoyment of life;

    e.    Plaintiff's general health, strength, and vitality have been impaired;

    f.    Plaintiff has and may in the future suffer physical and mental pain, anguish, stress, distress, suffering, anxiety, and torment; and,

    g.    Plaintiff has and may in the future be permanently scarred and disfigured.

WHEREFORE, Plaintiff, Shelly Spencer, demands judgment in her favor and against Defendant, Walmart, Inc., for an amount in excess of the arbitration limits of this County, together with costs and interest.

AINSMAN LEVINE, LLC

By: _____
Erin K. Rudert, Esquire
Attorney for Plaintiff

## **VERIFICATION**

I verify that the statements made in the COMPLAINT IN CIVIL ACTION are true and correct; that the attached COMPLAINT IN CIVIL ACTION is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the COMPLAINT IN CIVIL ACTION is that of counsel and not of Plaintiff. I have read the COMPLAINT IN CIVIL ACTION and to the extent that the COMPLAINT IN CIVIL ACTION is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the content of the COMPLAINT IN CIVIL ACTION is that of counsel, I have relied upon counsel in making this Verification. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S. §4904 relating to the unsworn falsification to authorities.

DATED: 12/12/2021

_____
SHELLY SPENCER

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiffs

Signature: _____

Name: Erin K. Rudert, Esquire

Attorney No. (if applicable): 200432

Rev. 12/2017